IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RODNEY HANLEY,**              )
**and LINDA HANLEY,**       )
                              )
      Plaintiffs,        )
                              )
v.                           )   Civil No.  **04-889-DRH**
                              )
**COTTRELL, INC.,**          )
                              )
      Defendant.      )

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is Plaintiffs' Motion to Compel and Request for Expedited Briefing Schedule.  **(Doc. 33)**.  Defendant has filed a response.  **(Doc. 35)**.

Plaintiff Rodney Hanley alleges that he was injured in the course of his employment as a car hauler while using a rig manufactured by defendant on February 13, 2002.  The amended complaint acknowledges that plaintiffs filed suit more than two years after the date of the injury.  However, plaintiffs allege that defendant Cottrell, Inc., was aware of his accident and concealed the fact that it was the manufacturer of the rig.  See, Doc. 1.  Defendant filed a motion for summary judgment, in which it asserts that the statute of limitations expired before suit was filed.  In support, defendant filed the affidavit of its general counsel, Melanie Stone, which stated that Cottrell first learned of the accident on March 4, 2004.  See, Exhibit 7 attached to Doc. 22.

Plaintiffs took the deposition of Ms. Stone on September 19, 2005.  In that deposition, they asked two questions about the content of communications between Ms. Stone and Cottrell's outside counsel, and one question about Ms. Stone's communications with a Cottrell employee.

1

On the advice of counsel, Ms. Stone refused to answer on the basis that the communications were protected by the attorney client privilege.  Plaintiffs now move to compel Ms. Stone to answer the questions.  Relevant portions of the transcript of Ms. Stone's deposition are attached to plaintiff's motion.

The first communication was an e-mail from outside counsel notifying general counsel of "something [that] had appeared on the Madison County docket."  Stone transcript, pp. 15-16.  The second communication was a conversation between outside counsel and Ms. Stone about the fact that outside counsel was not aware of the Hanley case until March 4, 2004.  Stone transcript, pp. 19-20.  The third communication was a conversation between Ms. Stone and a Cottrell employee about that employee's knowledge of the Hanley claim.  Stone transcript, pp. 28-29.  Defense counsel repeatedly invoked the attorney client privilege and instructed Ms. Stone not to reveal any "confidential communications for the purpose of seeking legal advice."  Stone transcript, pp. 13-14, 17-18,  28.  Defense counsel also invoked the work product doctrine.  Stone transcript, p. 19.

On the face of the transcript, the information sought by the questions appears to be protected by the attorney client privilege.  See, for example, ***Denius v. Dunlap***, **209 F.3d 944, 952 (7th Cir. 2000)**.  Plaintiffs' motion does not set forth any argument that the privilege is inapplicable or has been waived.  The motion does not cite any authority and is not accompanied by a brief in support.  Plaintiffs simply assert that they will be "severely prejudiced" in their ability to respond to the motion for summary judgment without this information.  The Court finds that plaintiffs have not demonstrated that they are entitled to access the information despite the fact that it is protected by the attorney client privilege.

The Court notes that, while she refused to divulge the complete content of the communications because they are protected by the attorney client privilege, Ms. Stone did testify to the <u>facts</u> which underlie her affidavit, i.e., that Cottrell first had notice of plaintiffs' claim on March 4, 2004.

Lastly, defendant points out that the motion is not accompanied by a certificate of attempt to resolve, as required by **Fed.R.Civ.P. 37(a).** For that reason alone, the Court would be justified in denying plaintiffs' motion.

Upon consideration and for good cause shown, Plaintiffs' Motion to Compel and Request for Expedited Briefing Schedule **(Doc. 33)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: October 25, 2005.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

3