**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RODNEY HANLEY and LINDA HANLEY,**

    **Plaintiffs,**

**v.**

**COTTRELL, INC.,**

    **Defendant.**                           **Case No. 04-CV-889-DRH**

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

## I. INTRODUCTION

Before the Court is defendant Cottrell, Inc.'s ("Cottrell") Motion for Summary Judgment and Brief in Support. (Doc. 22.) Plaintiffs Rodney Hanley and Linda Hanley (collectively, "Plaintiffs" or "the Hanley's") have filed their opposing Response, to which Cottrell has filed its Reply. (Docs. 38 & 40, respectively.) Cottrell's Motion for Summary Judgment follows its previous Motion to Dismiss. (Doc. 2.)

In its Motion to Dismiss, Cottrell argued that Plaintiffs' claims were time-barred under the applicable statute of limitations. (*Id.*) The Court denied Cottrell's request for a dismissal for failure to state a claim, noting that affirmative defenses (pursuant to Federal Rule of Civil Procedure 8(c)), such as the statute of limitations, should not be resolved on the pleadings unless Plaintiffs have pled

themselves out of court by admitting that the statute of limitations period had expired, with no further grounds for equitable exception. (Doc. 16, pp. 4-5.) In this case, the Court previously held that although it appeared Plaintiffs' claims were *technically* time-barred, it found Plaintiffs had sufficiently alleged facts consistent with the doctrines of equitable estoppel and equitable tolling to bar Cottrell's statute of limitations defense. (*Id*. at 7, 15.) Cottrell, in its Motion for Summary Judgment, again revisits the statute of limitations issue, asserting that Plaintiffs have failed to show a question of fact exists to support their allegations of equitable estoppel and equitable tolling.

## II. <u>BACKGROUND</u>

### A. PROCEDURAL HISTORY

Plaintiffs allege Rodney Hanley was injured on February 13, 2002, while performing a normal work duty of operating the rear loading skid of a trailer rig. (Doc. 1, ¶ 4.) This rig was manufactured by Cottrell. (*Id*.) Plaintiffs claim they did not know the identity of the rig manufacturer at the time of Mr. Hanley's accident. (Doc. 38, p. 5, ¶ 11.) Plaintiffs filed a discovery action against Mr. Hanley's employer, Jack Cooper Transport Company ("Cooper Transport"), in the Circuit Court of Madison County, Illinois, pursuant to ILLINOIS SUPREME COURT RULE 224, seeking the identity of the parties responsible for the design, manufacture, distribution, and maintenance of the trailer right that allegedly caused Mr. Hanley's injury. (Doc. 22, Ex. 5.)

During the Cooper Transport corporate deposition taken by Plaintiffs on May 3, 2004, it was discovered that Cottrell was the manufacturer of the trailer rig at issue. (Doc. 22, p. 3 and Ex. 6.) Subsequent to this discovery, on May 13, 2004, Plaintiffs filed a Motion to Convert Claims from a discovery motion into a lawsuit against Cottrell. (*See* Doc. 22, Ex. 5, from the case ***Hanley v. Cottrell, Inc.,*** **No. 04-CV-437-DRH**.) Plaintiffs' motion was granted by the Illinois circuit court, allowing Plaintiffs to file their Complaint against Cottrell and Cooper Transport the following day on May 14, 2004.[1] (*See* Doc. 2, from the case ***Hanley v. Cottrell, Inc.,*** **No. 04-CV-437-DRH**.)

The next month, Cottrell removed Plaintiffs' action to federal court based upon diversity jursidiction, pursuant to **28 U.S.C. § 1332**. (*See* Doc. 1, from the case ***Hanley v. Cottrell, Inc.,*** **No. 04-CV-437-DRH**.) At the time, there were four plaintiffs in the case, the Hanleys and the Yows. (*See* footnote 1, *supra*.) Ultimately, the Court granted defendant Cooper Transport's Motion to Dismiss, and granted Cottrell's Motion to Sever, ordering the Hanleys and the Yows to file their amended complaints separately, thereby creating two separate lawsuits against Cottrell. (*See* Doc. 48, from the case ***Hanley v. Cottrell, Inc.,*** **No. 04-CV-437-DRH**.)

Accordingly, Plaintiffs filed their First Amended Complaint in the instant

---

[1] Craig Yow and Patricia Yow were originally co-plaintiffs to the Hanleys' suit; however, after the case was removed to federal court, this Court severed the claims of the two sets of plaintiffs. (*See* Doc. 48, ***Hanley v. Cottrell, Inc.,*** **No. 04-CV-437-DRH**.)

matter on December 3, 2004. (Doc. 1.) Plaintiffs have stated claims against Cottrell for products liability, negligence, breaches of the implied warranties of merchantability and fitness for a particular purpose, loss of consortium, and punitive damages. (Doc. 1.) Plaintiffs' claims arise from Mr. Hanley's alleged work-related accident involving the trailer rig manufactured by Cottrell.

## B.    COTTRELL'S MOTION TO DISMISS

In its previous Motion to Dismiss, Cottrell argued Plaintiffs' claims were barred under the Illinois two-year statute of limitations for personal injury actions, as set forth in **735 ILLINOIS COMPILED STATUTES 5/13-202 (2002)**. As Plaintiffs alleged Mr. Hanley's injury occurred on February 13, 2002, but their initial complaint was not filed until May 14, 2004, Cottrell observed that Plaintiffs were time-barred from filing their claims. (Doc. 2.) This fact was not disputed by Plaintiffs. Instead, Plaintiffs asserted that the doctrines of equitable estoppel and equitable tolling prevented Cottrell from raising their statute of limitations defense. (Doc. 7.) Additionally, Plaintiffs argued that their claims alleging breach of implied warranties fell under the Illinois four-year statute of limitations, which had not yet run at the time these claims were initially stated in their First Amended Complaint. Lastly, Plaintiffs argued that their Complaint related back to the filing date of their Rule 224 Petition and thus, should not be barred by the statute of limitations.

In the order that addressed Cottrell's Motion to Dismiss, the Court found in regard to Plaintiffs' breach of warranties claim, additional information was needed to determine whether the four-year statute of limitations, set forth in **810**

**ILLINOIS COMPILED STATUTES 5/2-725(1)**, had run prior to the filing of Plaintiffs' First Amended Complaint. (Doc. 16, pp. 6-7.) Further, the Court determined that the "future performance" exception applicable to the four-year statute of limitations only applied to explicit warranties. (*Id*.) As Plaintiffs stated only claims for breach of *implied* warranties, the Court found that the future performance exception could not apply. (*Id*. at 7.) The Court further determined that the relation-back doctrine under both Illinois state and federal law was inapplicable to the instant case. (*Id*. at 11-14.)

However, in construing the pleadings in the light most favorable to Plaintiffs, the Court found Plaintiffs had sufficiently set forth facts in their First Amended Complaint consistent with the doctrines of equitable estoppel and equitable tolling, which could potentially bar Cottrell's statute of limitations defense. Specifically, the Court found the following of Plaintiffs' allegations supported a theory of equitable estoppel: (1) Plaintiffs alleged Cottrell took active steps to conceal its identity from Plaintiffs until after the two-year statute of limitations had run, such as participating in a common scheme and influencing Mr. Hanley's employer not to disclose its identity (Doc. 1, ¶¶ 16, 17); and (2) Plaintiffs alleged they exercised due diligence in attempting to discover Cottrell's identity but had not been successful (Doc. 1, ¶ 18).

The Court similarly found the following allegations supported a theory of equitable tolling: (1) Plaintiffs alleged they were misled through a scheme between Mr. Hanley's employer, Cooper Transport, and Cottrell (Doc. 1, ¶¶ 16-17) – the

scheme prevented them from asserting their rights in an extraordinary way, given they did not have access to the trailer rig and Cottrell had urged Cooper Transport to deliberately withhold Cottrell's identity (Doc. 1, ¶¶ 11-19); and (2) Plaintiffs alleged they exercised due diligence and still could not timely learn of Cottrell's identity (Doc. 1, ¶¶ 11, 18). As such, the Court denied Cottrell's Motion to Dismiss. (Doc. 16.)

Now, after the parties have participated in the discovery process, Cottrell files its Motion for Summary Judgment, arguing that Plaintiffs cannot show that a question of fact exists to support their allegations of equitable estoppel and equitable tolling. (Doc. 22.) In other words, Cottrell asserts that Plaintiffs cannot show any type of scheme or conspiracy between Cottrell and Cooper Transport to keep Cottrell's identity a secret from Plaintiffs. Therefore, Cottrell again argues that Plaintiffs' claims are time-barred and seeks summary judgment in its favor.

## III.  **ANALYSIS**

The Court's analysis will now consider the facts and evidence of the case, applying the legal standard for summary judgment, which imposes a greater burden of proof upon Plaintiffs than the legal standard for a motion to dismiss. If the Court finds that Plaintiffs' claims are time-barred and that Plaintiffs have failed to meet their burden of proof to allow an equitable exception, then summary judgment must be granted in favor of Cottrell.

## A.    SUMMARY JUDGMENT

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c)**; *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**. The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, **192 F.3d 616, 621-22 (7th Cir. 1999)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.*, **200 F.3d 1055, 1057 (7th Cir. 2000)**; *Baron v. City of Highland Park*, **195 F.3d 333, 337-38 (7th Cir. 1999)**.

In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *EEOC v. Sears, Robuck & Co.*, **233 F.3d 432, 436 (7th Cir. 2000)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 249-50 (1986)**; *accord Starzenski v. City of Elkhart*, **87 F.3d 872, 880 (7th Cir. 1996)**, *cert. denied*, **519 U.S. 1055 (1997)**; *Tolle v. Carroll Touch, Inc.*, **23 F.3d 174, 178**

**(7th Cir. 1994)**. As such, " '[i]f no reasonable jury could find for the party opposing the motion, it must be granted.' " *Oates*, **116 F.3d at 1165 (quoting *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995)(citing *Anderson*, 477 U.S. at 248)**. However, summary judgment may not be averted merely by the non-moving party "baldly contesting his adversary's factual allegations," but instead, the Plaintiff must come forth with probative evidence to substantiate the allegations of the complaint. *Id.* **(citing *First Nat'l Bank of Arizona v. Cities Serv. CO.*, 391 U.S. 253, 290 (1968); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))**.

**B.  WHETHER PLAINTIFFS' CLAIMS WERE FILED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS PERIODS**

**1.    The Illinois Statute of Limitations for Personal Injury Actions**

Neither party objects that the Illinois Statute of Limitations for Personal Injury Actions, set forth in **735 ILLINOIS COMPILED STATUTES 5/13-202**, applies to all of Plaintiffs' claims, except for the breach of implied warranties claims. A two-year statute of limitations is applicable to all personal injury and product liability actions under Illinois law. **735 ILL. COMP. STAT. 5/13-202; *see also Lowe v. Ford Motor Co.*, 313 Ill. App. 3d 418, 420, 730 N.E.2d 58, 60, 246 Ill. Dec. 378, 380 (1st Dist. 2000)("Under the Illinois Code of Civil Procedure, the statutes of limitation for personal injury and product liability claims require that such lawsuits generally be commenced within two years of the date on which the cause of action accrued.")(citing to 735 ILL. COMP. STAT. 5/13-202)**.

The date of Mr. Hanley's alleged injury from which Plaintiffs' suit stems was February 13, 2002. (Doc. 22, p. 2.) Therefore, the Illinois two-year statute of limitations period expired on February 13, 2004. However, Plaintiffs did not file their initial Complaint until May 14, 2004. (Doc. 2.) Neither party contests the fact that Plaintiffs filed their initial Complaint after the two-year statute of limitations had expired and the Court found as much in the previous Order (Doc. 16) regarding Cottrell's Motion to Dismiss.[2] As Plaintiffs have not brought forth any new arguments otherwise, the Court maintains its former finding that technically, Plaintiffs' claims (with exception of the implied warranty claims) are time-barred under the Illinois two-year statute of limitations applicable to personal injury actions.

### 2.   Illinois Statute of Limitations for Breach of Warranty Actions

In the Court's previous Order (Doc. 16) regarding Cottrell's Motion to Dismiss, it was noted that there was not enough factual information to determine whether the Illinois four-year statute of limitations pertaining to breach of contract and warranty actions had run.[3] (Doc. 16, pp. 6-7.) Under Illinois law, "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued . . . ." **810 ILL. COMP. STAT. 5/2-725(1)**. This statute applies to claims for breach of warranty and states, in pertinent part:

---

[2] The Court also found that the Relation Back Doctrine, under both Illinois and federal law, was inapplicable and thus, would not permit Plaintiffs to relate their initial Complaint back to the date they filed their Rule 224 Petition in state court in order to fall within the statute of limitations period. (Doc. 16, pp. 11-14.)

[3] The Court noted that the "only reference to a date of delivery is in [Cottrell's] reply brief, which states that the delivery took place in 1998." (Doc. 16, p. 6, n.3, citing Doc. 10, p. 3.)

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

**810 Ill. Comp. Stat. 5/2-725(2).**

The trailer rig that allegedly caused Mr. Hanley's injury was identified as Trailer No. 7910. (Doc. 22, pp. 203, Ex. 4, p. 62.) As Plaintiffs had only alleged a claim of breach of implied warranty, as opposed to breach of express warranty, the statute of limitations started running from the date of delivery of Trailer No. 7910. Had Plaintiffs alleged a breach of express warranty claim, the future performance tolling exception may have applied, allowing the statute of limitations period to begin running at the time the breach was or should have been discovered, as opposed to the date of delivery. (*Id*. at 6.)

In its Motion for Summary Judgment, Cottrell again asserts that Plaintiffs' claims for breach of implied warranty are time-barred under Illinois' four-year statute of limitations, as they state the date of tender of Trailer No. 7910 was February 12, 1998. (Doc. 22, p. 13.) Moreover, Cottrell has attached the Certificate of Title and Statement of Origin for Trailer No. 7910 as Exhibit 9 to its Motion to substantiate its statute of limitations argument. As Plaintiffs do not assert otherwise, the Court finds that under the Illinois four-year statute of limitations, Plaintiffs' claims for breach of implied warranty are technically time barred, as the Illinois four-year statute of limitations would have run on February 12, 2002.

Finding that all of Plaintiffs' claims are technically time-barred, the Court must next examine whether the doctrines of equitable estoppel and/or equitable tolling apply in this case to allow Plaintiffs' claims to survive Cottrell's summary judgment motion.

## C.   WHETHER EQUITABLE DOCTRINES APPLY TO BAR A STATUTE OF LIMITATIONS DEFENSE

In analyzing whether Plaintiffs' arguments sufficiently support the application of the doctrines of equitable estoppel and equitable tolling, the Court feels it is necessary to first summarize a discovery dispute between the parties, which stemmed from an affidavit supporting Cottrell's Motion for Summary Judgment.

### 1.   Explanation of the Discovery Dispute

Plaintiffs' main argument against Cottrell's Motion for Summary Judgment relates to a discovery dispute.  Plaintiffs state that the affidavit of Cottrell's General Counsel, Melanie Stone (*see* Doc. 22, Ex. 7), should not be deemed credible. Plaintiffs argue that the only way they can furnish direct proof of the "conspiracy" to warrant their claims of equitable estoppel and/or equitable tolling in this case is either through Cottrell's admission or via documents that remain within Cottrell's sole possession and control.  (Doc. 38, pp. 9-10.)  Plaintiffs cite various cases supporting the proposition that denial of discovery when facts that are solely in defendant's control are at the heart of plaintiff's burden of proof, deprives plaintiffs of an adequate opportunity to respond to a dispositive motion.  (*Id*., p. 12, citing **Pope v. Mendenhall, 19 F.3d 22 (Table), 1994 WL 64273 (7th Cir. 1994)**.)

Moreover, Plaintiffs feel that evidence of "conspiracy" between Cottrell and Cooper Transport does not necessarily have to be direct and actual, but can be shown through circumstantial evidence. (Doc. 38, p. 13, citing ***Pieczynski v. Duffy*, 875 F.3d 1331, 1335 (7th Cir. 1989)**.)

After granting Plaintiffs' second request for an extension of time to file their response to Cottrell's Motion for Summary Judgment, Plaintiffs filed a Motion to Compel and Request for an Expedited Briefing Schedule (regarding the Motion to Compel). (Doc. 33.) Plaintiffs took issue with the affidavit of Melanie Stone, Cottrell's General Counsel, made in support of Cottrell's Motion for Summary Judgment, in which Ms. Stone stated that Cottrell was not even aware of Mr. Hanley's case or claims until March 4, 2004 – *after* the statute of limitations period expired.

During her deposition, taken on September 19, 2005, Plaintiffs' counsel attempted to ask Ms. Stone about specific information regarding a March 4, 2004, e-mail she received from Cottrell's outside counsel regarding this case. Cottrell's outside counsel instructed her not to respond. Ms. Stone was also instructed not to respond to Plaintiffs' counsel's questions concerning what Cottrell's outside counsel told her with regard to when he first became aware of this case. Ms. Stone was also instructed not to responding to questioning regarding her conversations with Mr. Elwood Feldman (Cottrell's employee contact with Cooper Transport), such as what she asked Mr. Feldman about this case and what efforts he made to learn about potential claims of Cooper Transport employees.

In short, Plaintiffs stated that they sought information germane to the

statements contained in Ms. Stone's affidavit, but were unable to obtain this information during her deposition as outside counsel continually instructed her not to answer. Accordingly, Plaintiffs' Motion to Compel requested Ms. Stone be required to give testimony to this effect, otherwise Plaintiffs believed they would be severely prejudiced in their ability to properly respond to Cottrell's Motion for Summary Judgment. (Doc. 33.)

Cottrell responded that its outside counsel allowed Ms. Stone to testify as to the facts stated within the e-mail communication at issue, but not as to the substance, due to attorney-client and work product privileges. (Doc. 35) Cottrell also noted that Plaintiffs never asked Cottrell to produce the March 4, 2004, e-mail in question, but only sought to compel Ms. Stone's testimony regarding the exact content of it. Had they asked, Cottrell stated that it would have produced the e-mail, redacting any privileged content (this offer to produce was stated in an e-mail from Cottrell's counsel to Plaintiffs' counsel after receiving Cottrell's service copy of Plaintiffs' Motion to Compel). Cottrell further argued that Plaintiffs failed to first comply with **FEDERAL RULE OF CIVIL PROCEDURE 37**[4] before filing their Motion to Compel. (*Id.*)

On October 27, 2005, the Court issued an order denying Plaintiffs'

---

[4] **Rule 37(a)(2)(A)** states, in pertinent part (emphasis added):

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. ***The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action***.

Motion to Compel. (Doc. 37.) The three specific communications at issue, as noted by the Court, were: (1) the March 4, 2004, e-mail from Cottrell's outside counsel to Ms. Stone which notified her that something had appeared on the Madison County docket; (2) the conversation between Ms. Stone and Cottrell's outside counsel about the fact that outside counsel was not aware of Hanley case until March 4, 2004; and (3) the conversation between Ms. Stone and a Cottrell employee (Mr. Feldman) about his knowledge of Plaintiffs' claim.

The Court determined from reviewing Ms. Stone's deposition transcript that the information sought by Plaintiffs' counsel appeared to be protected by the attorney-client privilege. (Doc. 37, p. 2.) Further, Plaintiffs did not show Cottrell waived this privilege, nor did Plaintiffs sufficiently argue why this privilege should not apply. As Plaintiffs merely stated they would be "severely prejudiced" if their Motion to Compel was not granted, the Court concluded that Plaintiffs had failed to demonstrate they were entitled access to the information sought, despite the attorney-client privilege. Additionally, the Court found that while Ms. Stone refused to divulge the complete content of the communications due to privilege, she did testify to the facts underlying her affidavit. Also, the Court acknowledged that Plaintiffs' Motion to Compel was not accompanied by a certificate of attempt to resolve, as required by **Rule 37(a)**, and for this alone, a denial would have been justified. (Doc. 37, p. 3.)

After summarizing the Court's reasoning for denying Plaintiffs' Motion to Compel, the Court will now address the issues of whether equitable estoppel

and/or equitable tolling apply as a bar to Cottrell's statute of limitations defense.

**2.    Equitable Estoppel**

As explained previously by the Court (*see* Doc. 16, pp. 7-8), in the Seventh Circuit, federal courts sitting in diversity apply the federal doctrine of equitable estoppel as opposed to the state doctrine of the state from which the statute of limitations is borrowed. ***Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 598 (7th Cir. 2001)**. The doctrine of equitable estoppel permits suspension of the running of the statute of limitations. ***Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993)**. Equitable estoppel is defined as "[a]ny deliberate or otherwise blameworthy conduct by the defendant that causes the plaintiff to miss the statutory deadline." ***Shopshear*, 275 F.3d at 597**. Such conduct may include actions such as concealing evidence or identity from the plaintiff that was crucial to determining whether she had a claim. ***Singletary*, 9 F.3d at 1241**.

The federal doctrine is different from the Illinois doctrine in that under the federal requirements, a showing of a lack of due diligence on behalf of a plaintiff is NOT a defense. ***Shropshear*, 275 F.3d at 598**. However, courts will not extend the doctrine of equitable estoppel if it finds that a plaintiff still had the ability, regardless of defendant's conduct, to obtain the information necessary to pursue his or her claim. ***Shanoff v. Ill. Dep't of Human Servs.*, 258 F.3d 696, 702 (7th Cir. 2001)**.

Cottrell argues that the doctrine of equitable estoppel should not apply to Plaintiffs' claims for two reasons: (1) Plaintiffs had the ability to obtain Cottrell's identity and file suit before the applicable statute of limitations period expired; and (2) Plaintiffs' allegations of a conspiracy to keep Cottrell's identity from Plaintiffs are untrue. (Doc. 22, pp. 7-11.) The court will address the parties' respective arguments for each of these two reasons.

      a. ***Plaintiffs Had the Ability to Obtain Cottrell's Identity Before the Statute of Limitations Period Expired***

Cottrell questions Plaintiffs' diligence in attempting to discover the manufacturer of the trailer rig at issue. First, Cottrell indicates Plaintiffs were able to learn of its identity within minutes during the Cooper Transport corporate deposition, taken May 3, 2004, pursuant to Plaintiffs' Rule 224 Petition. This signifies Plaintiffs' "ability" – as such, Cottrell believes Plaintiffs are at fault because they did not act on this sooner (in other words, Plaintiffs should have scheduled the Cooper Transport corporate deposition *before* the application statute of limitations expired, especially as Plaintiffs filed their Rule 224 Petition on January 20, 2004). (Doc. 22, p. 8 and Ex. G.)

Secondly, Cottrell notes Mr. Hanley testified during his deposition that he knew back in February, 2003, that he wanted to sue the manufacturer of the trailer rig (Cottrell), so he asked his employer who the manufacturer was, but never got an answer. Cottrell opines that Mr. Hanley had approximately one year from that time in which to walk on to his employer's property and "simply look at the trailer

to determine the manufacturer." Cottrell then shows that according to Mr. Hanley's deposition testimony, he unfortunately forgot he had written down the number of the trailer rig on an accident report form he completed approximately one year earlier. (Doc. 22, pp. 8-9 and Ex. 4, pp. 48, 62, 71-72.)

Plaintiffs, in their opposing Response, contend Cottrell's assertion that Mr. Hanley could have discovered the manufacturer of the trailer rig if he would have simply inspected it after his accident. (Doc. 38, p. 5, ¶ 13.) Plaintiffs state that Mr. Hanley testified in his deposition that the trailer rig at issue did not have any information on it identifying Cottrell as the manufacturer. (*Id.*, citing to Doc. 38, Ex. H at 62:2-18.) Further, Mr. Hanley testified that after his accident, he did not return to work for more than a year and never saw that particular trailer rig again. (*Id.* at ¶ 14, citing Ex. H at 63:8-20.)

The crux of Cottrell's alleged blameworthy conduct warranting equitable estoppel stems from Plaintiffs' allegations that Mr. Hanley repeatedly asked his employer, Cooper Transport, for the identity of the trailer rig manufacturer, but never received an answer. (*Id.* at ¶¶ 16-21, citing Ex. H, pp. 71-72, 74-75.) Mr. Hanley then further testified that he did not know of any other means to obtain the identity of the trailer rig manufacturer, other than by asking his employer. (*Id.*) In sum, Plaintiffs allege that Cottrell took "active steps to conceal its identity from Plaintiffs." (*Id.* at 15.) Further, Plaintiffs believe they acted diligently in filing their initial Complaint, as they quickly filed suit within two weeks of learning of Cottrell's identity (from the Cooper Transport corporate deposition). (*Id.*)

Additionally, Plaintiffs continue to emphasize that under the federal doctrine, a plaintiff's lack of due diligence is not a defense to bar equitable estoppel. (*See* Doc. 38, pp. 13-14, citing **Shropshear, 275 F.3d at 598**.) Yet, what Plaintiffs fail to discern is that the Seventh Circuit in **Shropshear** continued to state, "diligence becomes a duty, even under the federal doctrine of equitable estoppel, once the obstacles strewn by the defendant to the plaintiff's suing have been cleared away; then he must act quickly . . . ." *Id.* This is consistent with **Shanoff**, also cited by Cottrell in its Reply, for the proposition that equitable estoppel shall not apply if plaintiff still had the ability to obtain the necessary information to file suit, notwithstanding defendant's delay or resistance. **Shanoff, 258 F.3d at 702**.

First, in this case, Plaintiffs have not provided any evidence, other than their bald assertions, that Cottrell actively prevented Plaintiffs from discovering its identity as the trailer rig manufacturer. At most, Plaintiffs' allegations imply misconduct on the part of Cooper Transport – *not* Cottrell. What is even more glaring is the fact that Plaintiffs always had the means to obtain Cottrell's identity, which is evident from the deposition of Gary Page, Cooper Transport's corporate designee, after filing their Rule 224 Petition in Illinois state court.[5]

Plaintiffs do not argue that they were delayed by either Cooper

---

[5] **Q**: Mr. Page, can you tell me who the manufacturer of the trailer, fleet number 7910 was?

**A:** Cottrell, Incorporated.

(*See* Doc. 22, Ex. 6 - Deposition of Gary Page, Jack Cooper Transport Co., Inc.'s corporate designee, page 8, lines 14-16.)

Transport or Cottrell in filing their Rule 224 Petition or taking the corporate deposition of Cooper Transport. Plaintiffs do offer up the rather unavailing argument that "there is no evidence indicating that Jack Cooper Transport Company would have allowed Gary Page to sit for a deposition scheduled before the running of the limitation period," as perhaps an attempt to explain why the deposition was not scheduled until some three months after the statute of limitations expired. (Doc. 38, p. 15.) Further, Plaintiffs state that they have "substantial evidence" supporting their claims. (*Id*. at 14.) If so, Plaintiffs forgot to include it within their briefings.

Had Plaintiffs filed their Rule 224 Petition and noticed up the Cooper Transport deposition *before* the statute of limitations period expired, this would likely have revealed Cottrell's identity with enough time for Plaintiffs to file within the statute of limitations period. If nothing else, it would have at least lent credence to Plaintiffs' due diligence argument. Considering the evidence and legal arguments before it, the Court finds Plaintiffs have done no more than reassert bald allegations of Cottrell's misconduct without providing any supporting evidence. Moreover, the Court believes Plaintiffs always had the ability to obtain Cottrell's identity in order to file suit within the statute of limitations period, via a corporate deposition prompted by their Rule 224 Petition.[6] It was not Cottrell's duty to ensure Plaintiffs properly file a lawsuit against it.

---

[6] Cottrell points out, and the Court agrees, that if Plaintiffs wished to depose Cooper Transport shortly after filing their Rule 224 Petition, so as to take it within the statute of limitations period, Plaintiffs could have subpoenaed the corporation; then it would not matter if Cooper Transport was willing to produce a corporate designee in time – it would have been required to do so by court order.

### b. Plaintiffs' Substantive Allegations of Conspiracy are Untrue

Cottrell next argues that equitable estoppel should not apply to Plaintiffs' claims because Plaintiffs are unable to show as a matter of fact and law that there was any "conspiracy" between Cottrell and Cooper Transport to prevent Plaintiffs from obtaining Cottrell's identity in time to file suit. (Doc. 22, pp. 9-11.) Cottrell believes Plaintiffs merely rest of their allegations, which should not suffice at the summary judgment stage. Moreover, Cottrell states that it need not prove a negative regarding an issue Plaintiffs must prove at trial. (*Id*. at 10, citing ***Parker v. Sony Pictures, Etm't Inc.*, 260 F.3d 100, 111 (2d Cir. 2001)**.) Instead, Plaintiffs must designate "specific facts" evidencing a genuine issue for trial, as shown by the pleadings, depositions, responses to discovery or requests to admit, along with relevant affidavits, etc. (*Id*., citing **Celotex, 477 U.S. at 324**.)

Cottrell offers that it has placed the burden of proof upon Plaintiffs by submitting the affidavit of Melanie Stone, General Counsel for Cottrell, which states she first became aware of Mr. Hanley's claims on March 4, 2004, through a confidential attorney-client communication by e-mail from Cottrell's outside counsel. (*Id*., Ex. 7.) As such, she further testified Cottrell has no reason to believe that prior to February 13, 2004, any of Cottrell's representatives, attorneys, adjusters or agents had any communication with Cooper Transport regarding divulging Cottrell's identity. (*Id*.) Plaintiffs' only response to the contents of Ms. Stone's affidavit was to file a Motion to Compel (Doc. 33), which the Court denied, as previously discussed

in this Order. However, Plaintiffs fail to counter the facts as stated within Ms. Stone's affidavit with other evidence or affidavits.

In regard to Plaintiffs' assertion that Cottrell to "active steps to conceal its identity . . ." the Court finds no evidence to support their allegation. Plaintiffs cite to nothing outside of the pleadings; other than their assertions that Mr. Hanley's supervisor at Cooper Transport kept putting him off about finding out the trailer rig manufacturer's identity, there is nothing to establish a question of fact regarding any wrongdoing on behalf of Cottrell to warrant equitable estoppel.

Consistent with **Shanoff**, the Court finds that despite the allegations of Cottrell's "conspiracy" or other wrongful actions to keep its identity unknown, Plaintiffs had the ability to obtain Cottrell's identity via its Rule 224 Petition and the subsequent corporate deposition of Cooper Transport. There is no viable justification offered to explain why Plaintiffs did not exercise their means of obtaining Cottrell's identity in a timely manner. Therefore, the Court cannot warrant the application of the doctrine of equitable estoppel in this case.

### 3. Equitable Tolling

The Court, in its previous Order, found Plaintiffs had sufficiently plead allegations of equitable tolling to survive Cottrell's Motion to Dismiss, as equitable tolling is another vehicle which permits a plaintiff to avoid the bar of the statute of limitations under certain circumstances. (Doc. 16, pp. 10-11.) In Illinois, "[e]quitable tolling may be appropriate 'if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in

some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum.' " ***Clay v. Kuhl*, 189 Ill. 2d 603, 612, 727 N.E.2d 217, 223, 244 Ill. Dec. 918, 924 (Ill. 2000)(citation omitted)**.   Plaintiff must also have exercised due diligence in order to utilize the doctrine of equitable tolling. ***Shropshear*, 275 F.3d at 595**.

Cottrell, in its Motion for Summary Judgment, argues that equitable tolling should not apply to Plaintiffs' claims because: (1) Cottrell did not mislead Plaintiffs; and (2) Plaintiffs did not exercise due diligence.  (Doc. 22, p. 12.)

### a.   *Plaintiffs Were Not Mislead*

As established by Ms. Stone's affidavit, Cottrell points out that it neither knew of Mr. Hanley's injury prior to February 13, 2004, nor communicated with Cooper Transport regarding either Plaintiffs' potential claims or Cottrell's own identity.  (Doc. 22, p. 12.)  Therefore, Cottrell argues that Plaintiffs have shown nothing to indicate they were misled – thereby extinguishing the possibility that a question of fact exists as to Plaintiffs' allegations of a "conspiracy" or other wrongful behavior.  (*Id.*)  Plaintiffs maintain that supporting evidence exists within the privileged communications between Ms. Stone and Cottrell's outside counsel to substantiate Plaintiffs' allegations of a conspiracy or cover-up.  Plaintiffs also list other "circumstantial" evidence they feel demonstrates Cottrell's penchant for "withholding information."  (*See* Doc. 38, pp. 6-8, ¶¶22-28.)

### b.     *Plaintiffs Failed to Exercise Due Diligence*

Cottrell states that even though a year prior to the expiration of the statute of limitations period, Mr. Hanley knew that he wanted to sue the trailer rig manufacturer and that he had access to the trailer rig at issue, he took no steps to obtain Cottrell's identity until after the statute of limitations expired.  Cottrell believes Mr. Hanley's behavior signifies a lack of due diligence.  (Doc. 22, pp. 12-13.) (Apparently, in Mr. Hanley's deposition, he testified that he "forgot" he had filled out an accident report which included the number of the trailer rig.  *See* Doc. 22, Ex. 4, pp. 64-66.)

Naturally, Plaintiffs contend they did exercise due diligence in attempting to discover Cottrell's identity within the statute of limitations period, but were unable to do so until after the limitations period had expired.  (Doc. 38, pp. 16.)  Plaintiffs cite to **Siebert v. Bleichman, 306 Ill. App. 3d 841, 847, 715 N.E.2d 304, 308, 239 Ill. Dec. 859, 863 (2d Dist. 1999)**, a case they believe is analogous to the instant case, in which the Illinois Appellate Court found equitable tolling allowed the plaintiffs to add a party defendant three months after the statute of limitations expired, because they did not learn of this defendant's existence until two days before the limitations period expired.  (See Doc. 38, p. 17.)

Examining **Siebert**, the Court feels it is, in fact, somewhat distinguishable from the instant case.  In **Siebert**, the plaintiffs learned of existence of the additional defendant through a deposition it took of defendant Jack

Bleichman.   However, this deposition was repeatedly delayed by defendant Bleichman – he did not appear for this deposition until seven months after it was first scheduled and three months after the statute of limitations period had run. **Siebert**, **306 Ill. App. 3d at 843, 715 N.E.2d at 306, 239 Ill. Dec. at 861**.   This is not the case here.

Plaintiffs do not allege the corporate deposition of Cooper Transport (also taken approximately three months after the statute of limitations period had run) was delayed due to the actions of either Cooper Transport or Cottrell.   The evidence indicates nothing other than the fact that Plaintiffs simply failed to take Cooper Transport's corporate deposition in a timely manner.   Even more convincing is the fact that Plaintiffs do not argue otherwise.   Therefore, whereas equitable tolling in **Siebert** may have been justified even though the plaintiffs were untimely in adding a party defendant, in this case, Plaintiffs have not demonstrated they acted with proper diligence.

Lastly, in their opposing Response, Plaintiffs also cite **Athmer v. C.E.I. Equip. Co., 121 F.3d 294, 297 (7th Cir. 1997)**, to support their theory that filing their Rule 224 Petition just three weeks before the statute of limitations period expired was diligent, as there is no rule governing when Plaintiffs need to file such petition.   Frankly, the Court does not see how citing to **Athmer** does anything but further damage Plaintiffs' position.   In **Athmer**, the Seventh Circuit examined the facts and briefings to determine whether equitable tolling would allow for the

plaintiff's untimely filing of his amended complaint (to correct the defendant's name) after the expiration of the limitations period.  **Id.  (Equitable tolling "allows a plaintiff to delay suing beyond the expiration of the statute of limitations if despite all reasonable diligence he just is not able to sue in time even though the defendant has taken no steps to obstruct the suit.")(citations omitted)**.  The Seventh Circuit felt that the plaintiff's six-week delay in seeking leave to file his amended complaint after discovering the defendant's true name was unnecessary. *Id.*

The facts of ***Athmer*** are similar to the instant case – the plaintiff was injured on the job as a result of a defective truck bed and did not discover the manufacturer's identity from his employer until after the expiration of the statute of limitations period.  **Id. at 295**.  Yet, the Seventh Circuit was not convinced that the plaintiff needed more than the two year limitations period to uncover the manufacturer's identity, as he failed to argue otherwise.  **Id. at 297**.  Therefore, the ***Athmer*** court determined the plaintiff did not need additional time outside of the statute of limitations period to amend his complaint.  *Id.*

The only reason given by Plaintiffs to support their allegations of equitable tolling here is that "there is substantial evidence suggesting that Cottrell, consistent with its conduct in other litigation, urged Cooper to deliberately withhold Cottrell's identity.  Cottrell thus took 'active steps' to frustrate the Hanleys' suit." (Doc. 38, p. 18.)   Again, if substantial evidence does exist, Plaintiffs did not

incorporate it into their briefings. Even when viewed in light of the discovery dispute surrounding the information Plaintiffs' sought regarding Ms. Stone's privileged communications, it is not enough to prove a question of fact exists. All of Plaintiffs' actions to uncover Cottrell's identity, save for the few times Mr. Hanley asked his employer for the manufacturer's name, occurred after the statute of limitations period expired. There is no way, as a matter of law, Plaintiffs can show due diligence to support the application of equitable tolling.

As for Plaintiffs' argument that they are unable to properly respond to Cottrell's Motion for Summary Judgment due to the fact they were denied further discovery of Ms. Stone's privileged communications, this is a futile argument. The Court deemed the communications privileged – it also found Ms. Stone testified regarding the underlying factual information included within her affidavit as well as the privileged communications at issue in Plaintiffs' Motion to Compel. Plaintiffs fail to argue how this information would aid their allegations of equitable estoppel and/or equitable tolling or why they should be entitled access to such privileged communications.

Nothing in the privileged communications changes the following – Plaintiffs were easily able to discover Cottrell's identity at the corporate deposition of Cooper Transport. Plaintiffs failed to allege that Cottrell in any way acted to delay either the filing of Plaintiffs' Rule 224 Petition or when the Cooper Transport deposition was taken. Therefore, logic dictates that the untimely filing of Plaintiffs' claims after the expiration of the statute of limitations period was caused by

Plaintiffs' action (or inaction) alone.  As Plaintiffs had the means to discover Cottrell's identity and timely file their claims but failed to do so, under **_Shanoff_**, the Court cannot allow the application of the doctrine of equitable estoppel.  Further, the Court does not find that Plaintiffs have shown there exists a genuine material issue of fact to uphold their allegations of equitable estoppel past the summary judgment stage.

Plaintiffs' lack of diligence also undermines any application of the doctrine of equitable tolling.  The Court did not grant Cottrell's Motion to Dismiss previously because, on the face of Plaintiffs' First Amended Complaint, the allegations adequately stated wrongful behavior on the part of Cottrell to warrant application of the doctrines of equitable estoppel and equitable tolling.  Now, however, at the summary judgment stage, the burden of proof is higher than merely looking to Plaintiffs' allegations.  The Court must find supporting evidence to substantiate the allegations to, at a minimum, give rise to the existence of a genuine material issue of fact.  Again, Plaintiffs fail to introduce any evidence required to support their allegations of equitable tolling or their exercise of due diligence in order to survive Cottrell's Motion for Summary Judgment.  Therefore, for the above-listed reasons, Cottrell's Motion for Summary Judgment (Doc. 22) is granted.

## IV.  CONCLUSION

The Court finds that Plaintiffs' claims as stated within its First Amended Complaint (Doc. 1) are technically time-barred under the applicable statute of limitations period, set forth in **735 ILLINOIS COMPILED STATUTES 5/13-202** and **810**

**ILLINOIS COMPILED STATUTES 5/2-725(1)**. Further, the Court finds that the doctrines of equitable estoppel and equitable tolling are not applicable to Plaintiffs' claims to bar a statute of limitations defense. Plaintiffs have not substantiated their allegations with any evidence required to create the existence of a genuine material issue of fact regarding their assertions that Cottrell acted to hide its identity from Plaintiffs until after the statute of limitations period had expired.

Additionally, the Court finds that Plaintiffs possessed the means of discovering Cottrell's identity, regardless of Cottrell's alleged actions, via their Rule 224 Petition and corporate deposition of Cooper Transport – so that Plaintiffs could have timely filed their claims within the limitations period. Lastly, the Court finds that Plaintiffs have failed to demonstrate they acted with due diligence in pursuing their quest for Cottrell's identity.

Accordingly, the Court **GRANTS** Cottrell's Motion for Summary Judgment (Doc. 22) and directs the Clerk to enter summary judgment in favor of Cottrell and against Plaintiffs. This shall constitute final disposition of the matter.

**IT IS SO ORDERED.**

Signed this 1st day of March, 2006.

/s/          David  RHerndon
**United States District Judge**