IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY HANLEY and
LINDA HANLEY,

    Plaintiffs,

v.

COTTRELL, INC.,

    Defendant.                                     Case No. 04-CV-889-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Before the Court is Defendant's Bill of Costs (Doc. 46), to which Plaintiffs have filed their Notice of Objection (Doc. 47). Defendant was previously awarded summary judgment in its favor (*see* Doc. 44) on Plaintiffs' claims. Defendant now seeks reimbursement for its reasonable costs associated with defending this suit. Plaintiffs' object to certain costs as being not authorized by statute or court rule or else unreasonable. The Court will address these objections in order to determine the proper amount of costs to award Defendant.

## II. ANALYSIS

### A. DEFENDANT'S BILL OF COSTS

Defendant moves, pursuant to **Rule 54(d)**, for an award of costs as set forth in the Bill of Costs(Doc. 46). Along with its Bill of Costs, Defendant has attached the relevant invoices in order to verify each cost claimed. The costs for which Defendant seeks reimbursement by Plaintiffs are as follows:

| | | |
|---|---|---|
| (1) | Fees of the Clerk | $ 150.00 |
| (2) | Fees for service of summons and subpoena | $ 200.00 |
| (3) | Fees of court reporter for all/part of transcript obtained for use in case | $ 1,838.29 |
| (4) | Fees for exemplification and copies of papers for use in case | $ 1,310.24 |
| **TOTAL:** | | **$ 3,498.53** |

Generally, Plaintiffs object to Defendant's Bill of Costs in that certain costs claimed are not properly taxable under statute or court rule (Doc. 47). Secondly, Plaintiffs object that certain of Defendant's costs are unreasonable and/or that Defendant has failed to specifically identify the purpose of the cost (*Id.*). Defendant has not responded to Plaintiffs' objections.

**B.     LEGAL STANDARD**

Taxable costs are allowed pursuant to **28 U.S.C. § 1920**.[1] In this case, the Court will also follow the guidance provided by its own Local Civil Rule 54.2 regarding taxation of costs ("Civ. L. R. 54.2").[2] However, it is within the district

---

[1] **28 U.S.C. § 1920 Taxation of Costs**, states in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under
> section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[2] **Civ. L.R. 54.2** essentially mirrors the federal statute and states in pertinent part:

> Only those items authorized by law may be taxed as costs.  Not all trial expenses are taxable as costs.  Costs shall be taxed in accordance with Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  Items taxable as costs include the following:
> **(1)** fees of the clerk and marshal, 28 U.S.C. §§ 1914, 1920(1), and 1921;
> **(2)** court reporter fees, 28 U.S.C. § 1920(2);
> **(3)** witness fees including travel and subsistence, 28 U.S.C. § 1920(3);
> **(4)** printing, copying, and exemplification fees when necessary for use in the case, 28 U.S.C. § 1920(4);
> **(5)** docket fees, 28 U.S.C. §§ 1920(5) and 1923;
> **(6)** deposition fees when used at trial and, in the court's discretion, other deposition fees when reasonably necessary to the case, 28 U.S.C. § 1920(2),(3),(6);
> **(7)** interpreter and court appointed expert fees, 28 U.S.C. §§ 1828 and 1920(6); and
> **(8)** fees and expenses otherwise taxable as costs as provided by law.

court's discretion to determine which costs Defendant seeks fall within the ambit specifically recognized by law and whether these claimed expenses are also reasonable, given the circumstances. ***See State of Ill. v. Sangamo Construction Co.*, 657 F.2d 855, 863-64 (7th Cir. 1981)**. A separate analysis will be conducted of each category of Defendant's claimed costs to determine whether they are properly taxable and if so, in what amount.

1. **Clerk Fees**

Defendant has indicated an amount of **$150.00** for "fees of the clerk" on its Bill of Costs (Doc. 162). Given the complexity of this case and Plaintiffs' silence on this matter, the Court deems this cost to be allowable pursuant to **28 U.S.C. § 1920** and reasonable in its amount. The entire amount of **$150.00** is therefore taxable against Plaintiffs.

2. **Fees for Service of Summons and Subpoenas**

Defendant seeks $200.00 in costs for service of summons and subpoena fees. Plaintiffs, while conceding such amount is reasonable as a litigation expense, object nonetheless as they are "unable to locate any statute or court rule that allows for the taxing of subpoena fees as costs . . ." (Doc. 47, p. 2).

The Court finds that under law, the fees incurred for serving subpoenas on witnesses is a taxable cost, but such cost should not exceed the costs a party would have incurred had the U.S. Marshal's office effected service, as only the marshal's fee amount is actually statutorily authorized. ***See, e.g., Griffith v. Mt.***

***Carmel Medical Ctr.*, 157 F.R.D. 499, 507–8 (D. Kan. 1994)**. The U.S. Marshal's Office for the United States District Court for the Southern District of Illinois charges a rate of $45.00 per hour (plus $0.44½ per mile) for serving summons and subpoenas. Defendant had a right to employ a private process serving agency to conduct this task – however, it may not be reimbursed for more than what is statutorily allowed.

It appears from the four separate process serving agency invoices submitted by Defendant that the hourly rate charged by the process servers averaged ranged from $35.00 to $75.00 per hour. If Defendant had used the U.S. Marshall for service four times, it would have cost $180.00. Factoring in costs for mileage reimbursement, the Court does not find $200.00 for service of four separate subpoenas to be unreasonable. Therefore, the amount of **$200.00** is properly taxable against Plaintiffs.

3. **Court Reporter Fees**

Defendant has claimed costs in the amount of $1,838.29 for court reporter fees and transcripts. Plaintiffs first object to this entire category of costs, as Defendant has the burden of showing the depositions were actually necessary and thus taxable. Defendant has filed nothing more than the actual Bill of Costs and relevant invoices – there has been no accompanying motion that would explain why such costs are reasonably necessary to defending this case. However, if the Court disagrees with Plaintiffs' objections to the entire cost for court reporter and

transcript fees, they alternatively object to the costs of $583.75 for a videotaped deposition as well as $105.00 for copies of the videotape in MPEG format. In sum – Plaintiffs believe Defendant should only be allowed (if at all) to "get the costs of videotaping the depositions without being transcribed, or of transcribing the depositions, but not both" (Doc. 47, pp. 3-4).

The Court agrees with Plaintiffs' alternative argument. Defendant has not proffered any legal precedent holding that costs for a videotaped deposition (especially when the transcript is also readily obtainable) are properly taxable. Further, the Court does not find this to be a case where a videotaped deposition would be necessary, nor does Defendant provide a sufficient explanation. It determines that the costs for the depositions and transcripts of Plaintiffs Rodney and Linda Hanley were reasonably necessary in this matter, but that the videotaped deposition costs for both Plaintiffs and costs for copies of the videotape, as well as the videotaped deposition costs of Melanie Stone are not properly taxable. Therefore, the Court finds that only the amount of **$813.79** - the court reporter and transcript costs for Rodney and Linda Hanley's depositions - to be properly taxable costs against Plaintiffs.

### 4. Fees for Exemplification and Copies of Papers for Use in Case

In its Bill of Costs, Defendant seeks reimbursement in expenses incurred for exemplification and copies of papers necessarily obtained for use in the case in the amount of $1,310.24. Defendant has submitted a lengthy spreadsheet of copying charges to substantiate this amount sought to be taxed. Plaintiffs object,

arguing that the costs for the volume of copies is excessive when this case never went further than summary judgment. Plaintiffs also point out that Defendant's copying invoices fail to list an explanation of what the majority of the charges were for, making it impossible to validate their relevance and necessity.

Defendant's invoices largely just state "copies" as the narrative description, and only further lists the date, the number of copies, the charge per page, and the name of the copier and invoice number. Clearly, the Court cannot merely take Defendant's word that all the copies (6,000+) were necessary to the case and statutorily authorized, especially given the fact that Defendant's Motion for Summary Judgment, supporting memorandum and exhibits as well as its Reply only exceeded about 100 pages total.

The Court can, however, "guestimate" that a decent amount of copies were required for a case of this duration. Even though the case did not go to trial, there were several dispositive motions filed (including a remand), answers and other discovery. While the Court certainly notes Plaintiffs' objections, they cannot point to which copies were unnecessary either.

Realizing that it would be a waste of the Court's time and taxpayers' money to attempt some type of in-camera inspection of the copied documents to see if every copy was reasonably necessary to the case, the Court will award a percentage of the amount sought by Defendant. This is the most efficient solution the Court can contrive (other than simply denying Defendant's request outright), as Defendant has not provided sufficient explanation for why all the charges sought were necessary,

but the Court recognizes that a decent portion of these copies were used either for exhibits or furnished to the Court or opposing counsel.  *See Arachnid, Inc. v. Valley Recreation Products, Inc.*, 143 F.R.D. 192, 193 (N.D. Ill. 1992). Therefore, the Court finds **$ 655.12**. half of the amount sought by Defendant for expenses incurred for exemplification and copies of papers necessarily obtained for use in the case, as reasonable to tax against Plaintiffs.

### III. <u>CONCLUSION</u>

For the reasons stated within this Order, the Court finds the following amended amounts are taxable against Plaintiffs in the instant case:

| | | |
|---|---|---|
| (1) | Fees of the Clerk | $ 150.00 |
| (2) | Fees for service of summons and subpoena | $ 200.00 |
| (3) | Fees of court reporter for all/part of transcript obtained for use in case | $ 813.79 |
| (4) | Fees for exemplification and copies of papers for use in case | $ 655.12 |
| **TOTAL:** | | **$1,818.91** |

The amount of taxable costs as stated in Defendant's Bill of Costs (Doc. 46) has hereby been amended by the Court.  Accordingly, Defendant's Request for Costs(Doc. 46) is hereby **GRANTED IN PART AND DENIED IN PART**, as the Court has determined certain costs are taxable but not in the amount originally requested

by Defendant.  The Clerk of the Court shall enter a taxation of costs against Plaintiffs in this matter in accordance with this Order in the total amount of **$1,818.91.**

**IT IS SO ORDERED.**

Signed this 23rd day of June, 2006.

/s/         David   RHerndon
**United States District Judge**